## 9443

### COE-MORTIMER CO. v. BRIGGS *ET AL.*

(89 S. E. 553.)

1. APPEAL AND ERROR—SUFFICIENCY OF EXCEPTION—RULE OF COURT.— Exceptions that a Circuit Court erred in overruling a demurrer and in not dismissing the complaint will be considered, although contrary to the spirit of Supreme Court rule 5, requiring exceptions to state the proposition of law or fact to be reviewed and that a mere reference to an exception taken to a master's or referee's report or probate Court decree will not be considered.

2. FRAUDULENT CONVEYANCES—CREDITOR'S INTENT TO DEFRAUD—SUBSEQUENT CREDITORS.—A deed is fraudulent when executed with intent to hinder the collection of a debt to be thereafter incurred.

3. FRAUDULENT CONVEYANCES—GRANTEE'S MORTGAGE—EFFECT.—A deed is fraudulent when executed and received with intent to hinder the vendor's creditors, although the purchaser paid full value for the property conveyed.

4. JUDGMENT—RES ADJUDICATA—DEBTORS NOT INCLUDED IN JUDGMENT. That a creditor has secured a judgment does not estop him from suing on the same debt, others who were not parties to the former suit.

Before DEVORE, J., Manning, March, 1916.    Affirmed.

Action by the Coe-Mortimer Company against R. H. Briggs and others.    Judgment for plaintiff, and defendants appeal.

*Mr. J. A. Weinberg,* for appellant, cites: *As to voluntary deed:* Ann. Cas. 1914b, 945.    *Res judicata:* 89 S. C. 407; 84 S. E. 538:    *Dismissing complaint:* 90 S. C. 229.

---

FOOTNOTE.—As to parties in actions on notes, see notes in 37 L. R. A. (N. S.) 965; as to effect of commencement of action or taking judgment against either an undisclosed principal or his agent as against the other, see notes in 6 L. R. A. (N. S.) 729, and 21 *Id.* 786.

*Mr. J. J. Cantey,* for respondent, cites: *As to sufficiency of complaint:* 87 S. C. 95; 32 A. & E. Ann. Cas. 1914b, 945 to 960. *Allegation that conveyance was fraudulent:* 64 S. C. 354; 27 S. C. 431; 33 S. C. 28; 31 A. & E. Ann. Cas. 1914a, 601. *As well as without consideration:* 4 Rich. Eq. 46; 8 Rich. Eq. 155. *Right of action against undisclosed principal after judgment against agent:* 8 A. & E. Ann Cas. 1026-1027. *Fraud on part of agent imputed to principal:* Mechem, Agency (2d ed.), sec. 1729; 65 S. C. 105; 82 S. C. 104. *Burden of proof:* 94 S. C. 65; 98 S. C. 402. *Improvements reached by creditor:* 184 Pa. St. 164; 19 Ill. App. 96; 100 Va. 101; 41 Hun. 261; 145 N. Y. 552. *A general demurrer to a bill, as for want of equity, will be overruled if there is any ground of equitable relief stated in the bill, even if there are any number of grounds of special demurrer:* 16 Fla. 775. *Amendments to pleadings in equity are favored where they tend to promote substantial justice:* 74 W. Va. 406. *Greater latitude is allowed in stating the issues in equitable than is allowed in legal actions:* 86 S. C. 162. *The proper proceeding, where there is a defective statement of the cause of action because of uncertainty or indefiniteness, is not to demur in such an instance, but to move the Court to require plaintiff to make his complaint more definite and certain:* 70 S. C. 276; 68 S. C. 567. *The amendment of the complaint was within the discretion of the Court:* 80 S. C. 1; 80 S. C. 213.

July 7, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This was an action to set aside two deeds for fraud. The defendant demurred to the complaint on four grounds: (1) That there was no allegation that the deeds were executed after the debts were contracted. (2) There is no allegation of a *nulla bona* return. (3) There is no allegation of

want of consideration.    (4) That plaintiff is estopped to deny that R. H. Briggs is the sole debtor by its judgment against R. H. Briggs alone.

The demurrer was sustained on the second ground, but refused on the other grounds, and an amendment ordered. From this order the defendants appealed.

There are two exceptions, as follows: (1) That the presiding Judge erred in overruling defendants' first, third and fourth grounds of demurrer.    (2) That the presiding Judge erred in not dismissing the complaint.

These exceptions are contrary to the spirit of rule 5, rules of the Supreme Court, but inasmuch as they are not within the letter, they will be briefly considered.

1. A deed, if made in anticipation of the making of a debt, and with intent to hinder, delay, or defeat the collection of the debt, when made, is fraudulent.    This exception cannot be sustained.

2. A purchaser may pay full value; yet, if the purchase is made to hinder, delay, or defeat the debtor of the vendor in the collection of his debt, the deed is fraudulent, and the payment of full value is no defense.

3. From the fact that a creditor gets a judgment against one man, he is not estopped afterwards to show that there were others who are liable for the same debt.    The other parties to this suit cannot claim an estoppel of a judgment to which they were not parties, and there is nothing here to show that they were parties to the former suit.

4. The appellant admits in argument that his second exception depends on the first and falls with it.

The order appealed from is affirmed.